# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LAURA NARWARECE,<br><br>　　　　　Defendant. | Case No. 1:16-cv-00954-DAD-BAM (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on July 5, 2016 (ECF No. 1), is currently before the Court for screening.

**I.　　Screening Requirement**

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Allegations in Complaint

Plaintiff is a civil detainee at Coalinga State Hospital in Coalinga, California. Plaintiff names Psychiatric Technician Laura Narwarece ("Defendant") as the sole defendant in this action. Plaintiff alleges as follows:

> On or about may 21st 2016 Laura Narwarcec displayed discrimination as well as racial discrimination laura was handing out snacks and plaintiff approuched to receve his snak all P.T. includeing lura delebertly dumped plaintiffs snake on the filthy floor all had a rill good laff when luara stated there you go now lick it up nice and cleen for your masters misstress and when I came time to shave plaintiff was the verry first in line to receve his razior ans laura delebertly made plaintiff whate untill the verry last to recevehis razior all defendants are eather mexical or black and plaintiff is white.

(ECF No. 1, p. 3) (unedited text).

Plaintiff also attached his first level appeal to the complaint, without explaining why he did so.[1] Plaintiff demands relief in the form of monetary sanctions and injunctive sanctions.

## III. Discussion

### a. Federal Rule of Civil Procedure 11

Plaintiff reports that he has not brought any lawsuits while in custody. (ECF No. 1, p. 1). However, a review of the Court's own records reveals that Plaintiff's assertion is not only a misrepresentation, but also patently false. A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Therefore, the Court takes judicial notice of the fact that Plaintiff, while a civil detainee, has initiated more than thirty previous cases concerning his conditions of confinement in this Court.[2]

---

[1] If Plaintiff is attempting to demonstrate exhaustion of administrative remedies under 42 U.S.C. § 1997e(a), the Court advises him that he need not do so, as he is a civil detainee and is not subject to the exhaustion requirement of the Prison Litigation Reform Act. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

[2] As a representative sample, the Court identifies the following ten cases: (1) *Cranford v. Medina*, Case No. 1:13-cv-00210-EPG; (2) *Cranford v. Perryman*, Case No. 1:13-cv-00581-MJS; (3) *Cranford v. Perryman*, Case No. 1:13-cv-00763; (4) *Cranford v. Perryman*, 1:13-cv-853-GSA; (5) *Cranford v. Perryman*, Case No. 1:13-cv-00854-SKO; (6) *Cranford v. King*, Case No. 1:13-cv-01658-SKO; (7) *Cranford v. Smith*, Case No. 1:13-cv-01886-LJO-BAM; (8) *Cranford v. Crawford*, Case No. 1:14-cv-00055-AWI-MJS; (9) *Cranford v. Wyatt*, Case No. 1:14-cv-00136-GSA; and (10) *Cranford v. Tinna*, Case No. 1;14-cv-00171-SAB.

In the past, Plaintiff has been sanctioned and admonished for not being truthful in his representations to the Court. *See Cranford v. Ahlin*, 1:11-cv-01199-GBC, ECF No. 6; *Cranford v. Valley*, 1:13-cv-0533 JLT, ECF No. 6. The Court even just recently admonished Plaintiff for misrepresenting the number of cases he has been involved in as a civil detainee. *See Cranford v. Dirige*, Case No. 1:15-cv-01833-AWI-BAM, ECF Nos. 8, 10. Plaintiff also has been declared a vexatious litigant subject to a pre-filing order for each new *in forma pauperis* case he files in this Court after September 27, 2016. *See Cranford v. Crawford*, Case No. 1:14-cv-00055-AWI-MJS, ECF No. 77.

In light of Plaintiff's repeated disregard of his Rule 11 obligations, he is admonished that the Court may issue sanctions for any future violations in this action. Fed. R. Civ. P. 11; Local Rule 110.

### b. Equal Protection

The Court construes Plaintiff's allegations of discrimination and racial discrimination as a claim for violation of the Equal Protection Clause of the Fourteenth Amendment. Civil detainees are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class, subject to restrictions and limitations necessitated by legitimate penological interests. *See Bell v. Wolfish*, 441 U.S. 520, 545-46 (1979). The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001); *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985).

An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Lee,* 250 F.3d at 686; *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Thornton v. City of St. Helens,* 425 F.3d 1158, 1167 (9th Cir. 2005); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000).

Plaintiff alleges that Defendant displayed discrimination and racial discrimination towards him, but only mentions some facts about race and nothing else about any other kinds of protected

3

1 classes. To the extent that Plaintiff claims discrimination based on something other than race, he
2 fails to allege facts establishing that he was a member of a protected class. As such, the Court
3 cannot properly determine on what basis Defendant allegedly discriminated against Plaintiff, if
4 any.

5       Moreover, while race is a protected class, Plaintiff has not alleged any facts indicating that
6 Defendant intentionally discriminated against Plaintiff based on his race. While Defendant's
7 alleged act of dumping Plaintiff's snack on the ground and the statement she made afterwards
8 would be inappropriate behavior, nothing in the allegations indicates that Defendant acted that
9 way on account of Plaintiff's race. Plaintiff's claim that Defendant made Plaintiff wait until the
10 end to receive his razor fails to allege any facts that Defendant did so because of Plaintiff's race.
11 Furthermore, being members of different races by itself is insufficient to demonstrate
12 discrimination on the basis of race. Plaintiff at most alleges facts constituting a coincidence in this
13 regard. Accordingly, this claim will be dismissed with leave to amend.

### c. Conclusion and Order

15       Plaintiff's complaint fails to state a cognizable claim. The Court will grant Plaintiff one
16 final opportunity to amend his complaint and cure the deficiencies in this order to the extent he is
17 able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000.)

18       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
19 each named defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556
20 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
21 right to relief above the speculative level…." *Twombly*, 550 U.S. at 555 (citations omitted).
22 Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in
23 his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
24 complaints).

25       Finally, the Court advises Plaintiff that an amended complaint supersedes the original
26 complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's
27 amended complaint must be "complete in itself without reference to the prior or superseded
28 pleading." Local Rule 220.

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office shall send to Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a cognizable claim upon which relief may be granted, with leave to amend;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **January 13, 2017**               /s/ Barbara A. McAuliffe           _
                                            UNITED STATES MAGISTRATE JUDGE