1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD, | Case No.  1:16-cv-00954-DAD-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| LAURA NARWARECE, | |
| Defendant. | |
| | (ECF Nos. 9, 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

### Findings and Recommendations

### I.      Background

Plaintiff Archie Cranford ("Plaintiff") is a civil detainee pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on July 5, 2016. (ECF No. 1.)

On January 13, 2017, the Court dismissed Plaintiff's complaint with leave to amend within thirty (30) days.  (ECF No. 9).  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in this action being dismissed, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.* at 5.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order.

///

1

On February 22, 2017, the Court issued an order directing Plaintiff to show cause in writing within twenty (20) days why this action should not be dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 10.) The Court expressly warned Plaintiff that the failure to comply with the order would result in this action being dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (*Id.* at 2.)

Plaintiff's response to the order to show cause was due on or before March 17, 2017. As of the date of this order, Plaintiff has not complied with or otherwise responded to the order to show cause.

**II.        Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff's amended complaint is overdue. Despite multiple attempts to communicate with Plaintiff, he has been non-responsive to the Court's orders. The Court cannot

2

1   effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both

2   the first and second factors weigh in favor of dismissal.

3   The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

4   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

5   *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against

6   dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d

7   639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility

8   it is to move a case toward disposition on the merits but whose conduct impedes progress in that

9   direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability*

10  *Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

11  Finally, the court's warning to a party that failure to obey the court's order will result in

12  dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

13  *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's January 13, 2017 order

14  expressly warned Plaintiff that his failure to file an amended complaint would result in dismissal

15  of this action, with prejudice, for failure to state a claim and failure to obey a court order. (ECF

16  No. 9 at 5). Plaintiff also was warned of the potential for dismissal, with prejudice, by the Court's

17  February 22, 2017 order to show cause. (ECF No. 10 at 2.) Thus, Plaintiff had adequate warning

18  that dismissal could result from his noncompliance.

19  Additionally, at this stage in the proceedings there is little available to the Court that

20  would constitute a satisfactory lesser sanction while protecting the Court from further

21  unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this

22  action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

23  likely to have no effect given that Plaintiff has ceased litigating his case.

24  **III.    Conclusion and Recommendations**

25  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with

26  prejudice, for failure to state a claim, failure to obey the Court's orders, and failure to prosecute

27  this action.

28  These Findings and Recommendations will be submitted to the United States District

3

1   Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after

2   being served with these Findings and Recommendations, Plaintiff may file written objections

3   with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

4   and Recommendations." Plaintiff is advised that the failure to file objections within the specified

5   time may result in the waiver of the "right to challenge the magistrate's factual findings" on

6   appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

7   F.2d 1391, 1394 (9th Cir. 1991)).
    IT IS SO ORDERED.

8

9     Dated:   **March 27, 2017**              /s/ *Barbara A. McAuliffe*

10                                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28